UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RONALD WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:11CV59 JCH |
| UNKNOWN FUNK, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's amended complaint. The Court has reviewed the amended complaint and has determined that it fails to state a claim upon which relief can be granted. As a result, the Court will dismiss this action.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir.

1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against several officials at the Northeast Correctional Center ("NECC"). Plaintiff's allegations are vague, conclusory, and almost entirely fail to specify which defendant allegedly violated his rights. Plaintiff asserts that he has been denied his rights because he is a sex offender, but he fails to state any facts that would show a constitutional violation. Plaintiff's only allegations pertaining to any particular defendant are that defendant Prudden did not resolve grievances in his favor and that defendant Cook made offensive statements towards him.

## Discussion

Plaintiff's vague and conclusory statements fail to state a claim upon which relief can be granted because they do not contain enough facts to state a plausible cause of action. Id.

"Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007)

(citations omitted).  As a result, the complaint fails to state a claim against defendant Prudden.

Offensive language is not a constitutional violation.  E.g., Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).  As a result, plaintiff's claim against defendant Cook fails to state a claim upon which relief can be granted.

Because the Court has previously afforded plaintiff the opportunity to amend his complaint to correct defects, the Court will dismiss this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e).

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 31st day of October, 2011.

>/s/Jean C. Hamilton
>JEAN C. HAMILTON
>UNITED STATES DISTRICT JUDGE